UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

     Petitioner,

 v.

CHRISTIAN GRABER,

     Respondent.

No.

**DECLARATION OF BLAKE MARKS-DIAS IN SUPPORT OF VALVE CORPORATION'S PETITION TO VACATE ARBITRATION AWARDS**

Blake Marks-Dias states and declares as follows:

1. I am over 18 years of age, I have personal knowledge of the matters stated herein and I am competent to testify to these matters.

2. I am one of the attorneys representing Valve Corporation ("Valve") and make this Declaration in support of Valve's Petition to Vacate Arbitration Awards.

3. I respectfully submit this declaration to transmit true and correct copies of the following documents:

**I.** **Exhibits Related to the Arbitration and *Abbruzzese* Petition To Enjoin:**

4. Attached hereto as Exhibit 1 is a true and correct copy of the demand Respondent Christian Graber ("Respondent") filed with the AAA.

5. The AAA assigned Respondent's Arbitration to Frances F. Goins (the "Arbitrator").

DECLARATION OF BLAKE MARKS-DIAS – 1

**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

6.      Attached hereto as Exhibit 2 is a true and correct copy of the Valve's petition to enjoin arbitrations, including Respondent's arbitration, filed in the action captioned *Valve Corporation v. Abbruzzese*, No. 2:24-cv-1717 (W.D. Wash. filed Oct. 18, 2024).

7.      Attached hereto as Exhibit 3 is a true and correct copy of the proof of service of process in *Abbruzzese* on Respondent, reflecting that Respondent was served on November 1, 2024.

8.      On July 22, 2025, more than nine months after Valve commenced the *Abbruzzese* action and only after the Arbitrator issued her Interim Award (defined below), Respondent's counsel first appeared for Respondent in *Abbruzzese.* Attached hereto as Exhibit 4 is a true and correct copy of Respondent's counsel's July 22, 2025, notice of appearance.

9.      Attached hereto as Exhibit 5 is a true and correct copy of letter from Valve's counsel Michael McTigue dated October 19, 2024, to the Arbitrator and Respondent's counsel moving to stay Respondent's arbitration pending resolution of *Abbruzzese*.

10.     Attached hereto as Exhibit 6 is true and correct copy of an order the Arbitrator issued dated October 24, 2024, denying the stay Valve sought in its October 19, 2024, letter.

11.     In March 2025, the Arbitrator held merits hearings on Respondent's claims over Valve's objections.

12.     In its communications with the Arbitrator and AAA following the October 24, 2024, order, Valve consistently raised its objection that Valve "reserved all rights" and "contends that these arbitrations should be closed given that the current Steam Subscriber agreement does not contain an arbitration clause." By way of example, attached hereto as Exhibit 7 is true and correct excerpt from a letter from Michael McTigue to the Arbitrator dated January 10, 2025, in which Valve raised its continuing objection to the arbitrations proceeding.

**II.     Exhibits Related to the Awards:**

13.     Attached hereto as Exhibit 8 is a true and correct copy of the Interim Award issued on May 29, 2025, for Respondent (the "Interim Award").

DECLARATION OF BLAKE MARKS-DIAS – 2

**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

14.    Attached hereto as Exhibit 9 is a true and correct copy of the Final Award issued on September 8, 2025, for Respondent.

15.    Attached hereto as Exhibit 10 is a true and correct copy of Respondent's June 12, 2025, application for costs and attorneys' fees and accompanying declaration.

16.    Attached hereto as Exhibit 11 is a true and correct copy of an email dated June 13, 2025, from Valve's counsel to the Arbitrator and Respondent's counsel objecting to Respondent's application for costs and attorneys' fees on the ground that it did not include any back-up documentation.

17.    Attached hereto as Exhibit 12 is a true and correct copy of an email dated June 16, 2025, from the Arbitrator to the parties ordering that Respondent's counsel produce *in camera* its "contemporaneous timekeeping records, descriptions of the work performed, and documentation of the hours spent performing that work" in support of their application for costs and attorneys fees.

18.    Attached hereto as Exhibit 13 is a true and correct copy of an email dated June 30, 2025, from Respondent's counsel to the Arbitrator and counsel for Valve confirming Respondent's *in camera* submission of billing records and attaching a "Table of Fees" document summarizing the requested amounts.

19.    Attached hereto as Exhibit 14 is a true and correct copy of Valve's July 7, 2025, opposition to Respondent's attorneys' fees request, which, among other things, objected to the Arbitrator's *in camera* review of Respondent's counsel's timesheets.

20.    Attached hereto as Exhibit 15 is a true and correct copy of an email dated July 10, 2025, from the Arbitrator ordering that Respondent submit (i) "additional information" to the Arbitrator regarding Respondent's fee application and (ii) a reply memorandum addressing the issues raised in Valve's opposition.

21.    Attached hereto as Exhibit 16 is a true and correct copy of Respondent's July 31, 2025, reply in further support of its attorneys' fees request and accompanying declaration.

DECLARATION OF BLAKE MARKS-DIAS – 3

**CORR CRONIN LLP**
1015 Second Avenue, 10th Floor
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

22.     In 25 arbitrations brought by Respondent's counsel against Valve before two separate arbitrators, the arbitrator has issued an award in Valve's favor and has not awarded any fees to Respondent's counsel.

23.     Respondent did not attend or testify at his arbitration hearing, let alone testify that he owns a Steam account or purchased and paid for games on Steam.

24.     Attached hereto as Exhibit 17 is a true and correct copy of a presentation entitled "Mass Arbitration Strategy and Investment Opportunity," attached as Exhibit 1 to the Affidavit of William Bucher in *Zaiger LLC v. Bucher Law PLLC*, Index. No. 154124/2023 (Sup. Ct. N.Y. Cnty. filed May 9, 2023) (NYCEF No. 32). In this presentation that Respondent's counsel developed when seeking third-party funding to bring this Arbitration and thousands of others, he estimated that litigating each arbitration would take at most 160 attorney hours, and that it would cost approximately $1.7 million in fees *total* to litigate 160 cases. That amounts to $10,625 in fees *per case*. In his fee application here, however, Respondent argued that his counsel's team spent 2,600 hours working on just the four arbitrations before the Arbitrator alone—roughly 650 hours each, more than four times his counsel's initial estimate of 160 hours each—and incurred over $1,881,991.40 in fees, some 44 times his counsel's estimate. Respondent's counsel's estimate and his claimed actuals are not even in the same ballpark.

**III.     Exhibits Related to the Arbitrator's Conflicts Disclosures:**

25.     Attached hereto as Exhibit 18 is a true and correct copy of the Arbitrator's curriculum vitae that the AAA provided to the parties.

26.     Attached hereto as Exhibit 19 is a true and correct copy of the General Arbitrator Oath Form dated May 2, 2024, and signed by the Arbitrator, which includes initial disclosures. The Arbitrator answered "NO" to the question "Do you or your law firm presently represent any person in a proceeding involving any party to the arbitration?"

27.     Attached hereto as Exhibits 20-26 are true and correct copies of additional disclosures the arbitrator made in connection with Respondent's arbitration.

DECLARATION OF BLAKE MARKS-DIAS – 4

CORR CRONIN LLP
1015 Second Avenue, 10th Floor
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

28. The Arbitrator's firm actively represents multiple video game developers or affiliates of video game developers who are class members in the Valve Developer Class Action. For example, last year, the Arbitrator's firm defended All Elite Wrestling, LLC in a lawsuit alleging copyright infringement. Attached hereto at Exhibit 27 is a true and correct copy of the docket from *Wilson v. World Wrestling Entertainment*, No. 4:24-cv-00062 (N.D. Ohio filed Jan. 10, 2024).

29. Similarly, the Arbitrator's firm, including attorneys from the Arbitrator's same Cleveland office, currently represents Sony/ATV Tree Publishing, known as Sony Music Publishing, in no fewer than six copyright infringement suits. Attached hereto at Exhibits 28-33 are true and correct copies of the docket from the following actions: *Broadcast Music, Inc. v. Bowstring Bar & Grill, LLC*, No. 3:25-cv-00173 (N.D. Ohio filed Jan. 31, 2025); *Broadcast Music, Inc. v. Thims Lounge LLC*, No. 2:24-cv-04242 (S.D. Ohio filed Dec. 6, 2024); *Broadcast Music, Inc. v. 130 Restaurant and Management, Corp.*, No. 1:24-cv-01418 (N.D. Ohio filed Aug. 20, 2024); *Broadcast Music, Inc. v. Summit Revival LLC*, No. 2:24-cv-01427 (S.D. Ohio filed Mar. 28, 2024); *Broadcast Music, Inc. v. Little River Bar and Grill, LLC* , No. 1:23-cv-00789 (S.D. Ohio filed Nov. 30, 2023); *Broadcast Music, Inc. v. Whiskey Stop Bar and Grill, Inc.*, No. 5:23-cv-01889 (N.D. Ohio filed Sep. 28, 2023).

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 8th day of September, 2025, at Seattle, Washington.

/s/ *Blake Marks-Dias*
Blake Marks-Dias

DECLARATION OF BLAKE MARKS-DIAS – 5