# EXHIBIT 9

**AMERICAN**
**ARBITRATION**
**ASSOCIATION** | INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION

## AMERICAN ARBITRATION ASSOCIATION
### Consumer Arbitration Rules

Case Number: 01-23-0005-3702

In the Matter of the Arbitration between

Christian Graber
-vs-
Valve Corporation d/b/a Steam

### FINAL AWARD OF ARBITRATOR

I, Frances Floriano Goins, the undersigned arbitrator, having been designated in accordance with the arbitration agreement entered into by the above-named parties, having been duly sworn, and having duly heard and carefully reviewed the proofs and allegations of the Parties and the applicable law, and having previously rendered an Interim Award dated May 29, 2025 ("Interim Award") as to liability, which is confirmed, adopted, and incorporated as if fully set forth herein, do hereby issue this FINAL AWARD as follows:

The only matter still pending is Claimant's Application for Costs and Attorneys' Fees ("Application").  Claimant has been awarded $729.69 in damages, and now seeks an additional $348.09 in pre- and post-judgment interest, $46,526.07 in costs, and $721,886.77 in attorneys' fees, plus an additional $10,539.75 in attorneys' fees incurred in preparing a reply in support of this Application.

Section 4 of the Clayton Act, 15 U.S.C. § 15, provides that "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue" for treble damages, prejudgment interest, and costs of suit, including attorney fees. As indicated in the Interim Award, Claimant has proven such antitrust injury here.  He has substantially prevailed on his claims; the damage award set forth in the Interim Award is not "nominal," but is based on his actual loss.  "An award of attorney's fees as part of the cost of a successful antitrust suit is mandatory," *Baughman v. Cooper-Jarrett, Inc.*, 530 F. 2d 529 (3rd Cir.), *cert. denied*, 429 U.S. 825 (1976); 15 U.S.C. §15 (a).  The purpose of the attorney's fees provision is . . . to encourage private persons to undertake enforcement of antitrust laws." *Twin City Sportservice, v. Charle O. Finley & Co.,* 676 F. 2d 1291 (9th Cir. 1982).

The attorneys' fees must be "reasonable," which, in this context, is determined by addressing "rates for similar services in the community by attorneys with comparable skills, experience, and reputation," *Dye v. Bellsouth Telecomms., Inc.*, 462 F. Supp. 2d 845, 855 (W.D. Tenn. 2006)

(internal quotations omitted).[1] I find that the lodestar rates charged by Claimant's counsel were reasonable under this standard. I further find that counsel's work and the number of hours billed were commensurate with the complexity and protracted nature of this case. I find that, although some of this work may also be of use in other related matters, the same work would have been required if this had been the only case that counsel was pursuing against this Respondent. Counsel has assured that the same fees will not be claimed in future related mass arbitration proceedings against Respondent, and I specifically order that the attorneys' and expert witness fees, costs, and expenses awarded here may not be claimed in future related proceedings in these mass arbitrations.

Claimant here is also seeking a multiplier of counsel's lodestar rates, *inter alia* because his counsel has worked on a contingency basis and advanced all expenses and as a result has experienced a delay in receipt of payment, because the issues litigated were complex, because the matter was unduly protracted due to Respondent's strategic maneuvers, and because the public policy value of the matter is high. While I agree with Claimant that these factors have been demonstrated on the record presented, I do not find that a multiplier is appropriate here. The damage award, while real and not merely nominal, is substantially smaller than the value of the claimed attorney fees. While I do not agree with Respondent that the disparity between the damage award and the fees claimed creates an "impermissible windfall" to Claimant's counsel, giving due consideration to the factor of proportionality between damages and attorney fees, I find that this disparity cuts against an increase in fees beyond the lodestar rates.

I find further that Claimant is entitled to an award of costs in the amount of $46,526.07 (including expert fees), plus additional attorneys' fees in the amount of $10,539.75 for additional time spent to reply to Respondent Valve Corporation's Objections to Claimants' Application for Costs and Attorneys' Fees.

Claimant also seeks an award of interest "accruing from the date of the injury" on the fees claimed, at a 12% rate as required by Washington law. Section 4 of the Clayton Act, 15 U.S.C. § 15 (a), however, provides in pertinent part:

> [A]ny person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee. The court may award under this section, pursuant to a motion by such person promptly made, *simple interest on actual damages for the period beginning on the date of service of such person's pleading setting forth a claim under the antitrust laws and ending on the date of judgment*, or for any shorter period therein, if the court finds that the award of such interest for such period is just in the circumstances.

This statute contains the controlling law as to pre-judgment interest. The section is modified by

---

[1] *Corbin v. Steak 'n Shake, Inc.,* Case No. 20-3519/3553 (unpublished) (6th Cir. App. 2021), "[T]he same standards are 'generally applicable in all cases in which Congress has authorized an award of fees to a "prevailing party",'" quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 n. 7 (1983).

sub-sections (a) (1), (2), and (3), which set forth the "only" criteria a court may consider in awarding pre-judgment interest. Sub-section (3) includes the situation where "the opposing party . . . engaged in conduct primarily for the purpose of delaying the litigation or increasing the cost thereof."[2] I find that Respondent did engage in such conduct in this proceeding, including but not limited to reversing its position as to the appropriate forum for resolution of this case, attempting to unilaterally amend the underlying arbitration agreement after this proceeding had been pending for many months, and filing multiple motions to dismiss.

The applicable rate of interest is determined under Ohio law, the forum and state where this Award is issued. For judgments issued in 2025 in Ohio, the current applicable rate is 8%. *See* https://www.weltman.com/publication-ohio-statutory-interest-rate-for-judgments-in-2025; ORC §§ 5703.47; 1343.03 (A). I find that Claimant is entitled to simple interest on his damages awarded here for the period beginning on the date of service of Claimant's pleading setting forth a claim under the antitrust laws and ending on the date of this Final Award at the 8% rate.

I decline to award post-judgment interest, but note that Claimant may apply to the court in which it seeks to enforce this award for such additional interest.

In summary, Claimant is hereby awarded the following:

- $729.69 in damages, plus pre-judgment interest on such damages for the period beginning on the date of service of Claimant's pleading setting forth a claim under the antitrust laws (October 2, 2023) and ending on the date of this Final Award at a rate of 8% *per annum*; and
- $732,426.52 in attorney fees; and
- $46,526.07 in costs.

The above sums are to be paid by check on or before fifteen (15) days from the date of this Final Award, payable to Bucher Law PLLC, and delivered to

> Will Bucher
> Bucher Law PLLC
> 350 Northern Blvd.
> STE 324-1519
> Albany, NY 12204-1000

The administrative fees of the American Arbitration Association totaling $2,350.00 shall be borne as incurred, and the compensation of the Arbitrator totaling $13,167.50 shall be borne as incurred.

---

[2] Contrary to Respondent's argument, this section does not require a finding of "bad faith" on its part, and I make no such finding here.

I, Frances Floriano Goins, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

_September 3, 2025_
Date

_Frances Floriano Goins_
Frances Floriano Goins, Arbitrator