UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VALVE CORPORATION,

Petitioner,

v.

CHRISTIAN GRABER,

Respondent.

CASE NO. 2:25-cv-01730-JNW

ORDER GRANTING IN PART PETITION TO VACATE ARBITRATION AWARD

## 1. INTRODUCTION

Petitioner Valve Corporation petitions to vacate Respondent Christian Graber's arbitration awards. Dkt. No. 1. For the reasons below, the Court GRANTS the petition IN PART.

## 2. BACKGROUND

Graber is one of thousands of consumers to bring antitrust claims against Valve in arbitration. The American Arbitration Association (AAA) assigned his case to Arbitrator Frances F. Goins. In September 2024, while those arbitrations were pending, Valve amended the Steam Subscriber Agreement to remove its arbitration provision, and sued in this Court to enjoin the pending arbitrations. *See Valve Corp.*

*v. Abbruzzese*, No. 2:24-cv-01717-JNW (W.D. Wash. filed Oct. 18, 2024). Graber is a named defendant in *Abbruzzese.* On May 29, 2025, Goins found for Graber on the merits of his antitrust claims and invited his attorneys to seek their fees. Dkt. No. 3-8 (the "Interim Award").

Graber's attorneys then filed an application for costs and attorney's fees, requesting $46,526.07 in costs and $721,886.77 in attorneys' fees based on approximately 2,644.61 hours spent working on the arbitration (and three related individual arbitrations also before Goins). Dkt. No. 3-10. They supported the request with a declaration and a one-page table listing each attorney, that attorney's total hours, a proposed rate, and a proposed total. Dkt. No. 3-13. Valve objected. The application, it said, did not "include any contemporaneous timekeeping records, descriptions of the work performed, or documentation of the hours spent performing that work." Dkt. No. 3-11. In response, Goins ordered Graber's attorneys to produce the underlying data supporting their fee request, including timekeeping records and billing narratives, for *in camera* review only. Dkt. No. 3-12. Valve never received those records. Over Valve's objection, Dkt. No. 3-14, Goins issued a final award to Graber for the full amount of costs and fees requested, Dkt. No. 3-9 (the "Final Award").

Valve now petitions the Court to vacate both the Interim Award and the Final Award. Dkt. No. 1.

## 3. LEGAL STANDARD

The Federal Arbitration Act (FAA) "enumerates limited grounds on which a federal court may vacate, modify, or correct an arbitral award." *Lagstein v. Certain*

*Underwriters at Lloyd's, London*, 607 F.3d 634, 640 (9th Cir. 2010) (quotations omitted); *see* 9 U.S.C. §§ 10, 11. Under Section 10(a) of the FAA, a district court may only vacate an arbitration award in four circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*Id.* (quoting 9 U.S.C. § 10(a)).

Unless the award is vacated or modified as permitted by the FAA, "confirmation is required even in the face of erroneous findings of fact or misinterpretations of law." *Id.* (quotations omitted). Indeed, Section 10 of the FAA "does not sanction judicial review of the merits," nor does it allow the court to second guess whether the arbitrator's findings are adequately supported by the record. *Id.* at 640–41 (quoting *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007)); *see also Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987) ("[F]ederal court review of arbitration awards is extremely limited."); *HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1240 (9th Cir. 2022) ("It is not enough to show that the arbitrator committed an error—or even a serious error.") (citation modified). The burden of establishing grounds for vacating an

arbitration award is on the party seeking vacatur. *See Emps. Ins. of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 933 F.2d 1481, 1489 (9th Cir. 1991).

## 4. DISCUSSION

Valve attacks the awards on four grounds: (1) that Goins failed to disclose significant conflicts, (2) that Goins had no authority to arbitrate once Graber accepted the amended Steam Subscriber Agreement, (3) that the Final Award violated due process, and (4) that the Final Award was arbitrary and irrational.

Valve's first two arguments reach both Awards, the last two reach only the Final Award. The Court addresses each in turn. As explained below, Valve has not carried its burden on the conflict; that the contract question is better answered in *Abbruzzese*, where it is squarely presented; and that the Final Award cannot stand because the process by which Goins fixed fees denied Valve due process. The Court does not reach Valve's remaining challenge to the Final Award.

### 4.1 Valve has not shown that Goins's alleged nondisclosure created a reasonable impression of partiality.

Arbitrators have a duty to investigate and disclose potential conflicts. *Schmitz v. Zilveti*, 20 F.3d 1043, 1048 (9th Cir. 1994). But not every undisclosed relationship warrants vacatur. Instead, to show "evident partiality" in an arbitrator, the challenger either must establish "specific facts indicating actual bias toward or against a party or show that [the arbitrator] failed to disclose to the parties information that creates 'a reasonable impression of bias.'" *Lagstein*, 607 F.3d at 645–46 (quoting *Woods v. Saturn Distrib. Corp.*, 78 F.3d 424, 427 (9th

Cir.1996)). Vacatur "is not required simply because an arbitrator failed to disclose a matter of some interest to a party"; the arbitrator must disclose only facts indicating that she "might reasonably be thought biased against *one litigant and favorable to another*." *Id*. at 646 (quoting *Commonwealth Coatings Corp. v. Cont'l Cas. Co*., 393 U.S. 145, 150 (1968)). The Ninth Circuit has found that standard met, for example, when an arbitrator failed to investigate and disclose their relationship with a party's parent company, *Schmitz*, 20 F.3d at 1049, and unmet when the undisclosed facts had no connection to the parties before the arbitrator, *Lagstein*, 607 F.3d at 646–47.

Valve argues that Goins should have disclosed her firm's representation of video game companies who are absent class members in *In re Valve Antitrust Litigation*, including one "major Valve competitor." Dkt. No. 22 at 4. The Court is not persuaded for two reasons. First, the evidence Valve submits does not establish the relationships it describes. The dockets Valve attaches show only that lawyers appeared for two clients in unrelated copyright matters. They do not show that either client develops video games or is affiliated with a developer, that either belongs to the certified developer class, or which client is the Valve competitor Valve has in mind. Second, the connection between absent members of the game developer class in *In re Valve Antitrust Litigation* and the parties to this arbitration is more attenuated than the relationships in the cases Valve cites.

Ultimately, Valve's evidence and argument do not persuade the Court that there is a reasonable impression of partiality here such that vacatur is warranted.

*See Emps. Ins. of Wausau*, 933 F.2d at 1489 (party seeking vacatur bears burden of demonstrating a reasonable impression of partiality with "specific facts").

**4.2 The Court declines to address whether Goins had authority to arbitrate under the amended agreement.**

Valve next argues that once Graber assented to the amended agreement, the parties had no agreement to arbitrate and Goins lost authority to proceed. Valve briefed that argument here before the Court reached it in *Abbruzzese*. The Court has since denied Valve a preliminary injunction in that case, finding Valve unlikely to show that the amended agreement is enforceable as applied to the defendants there. *See Valve Corp. v. Abbruzzese*, No. 2:24-CV-1717-JNW, 2026 WL 1481630, at *7–10 (W.D. Wash. May 27, 2026). That ruling, however, does not decide this petition—a finding on the likelihood of success is not a final judgment on the merits and Valve has moved to certify the order for interlocutory appeal. *See* Pltf's Mot. to Certify Order Den. Mot. for Prelim. Inj. for Interlocutory Appeal, *Valve Corp. v. Abbruzzese*, No. 2:24-cv-01717-JNW (W.D. Wash. June 10, 2026), Dkt. No. 173. But it does reflect how the Court reads the agreement Valve asks it to enforce, and the Court expects that the ultimate answer to the question of which agreement controls—whether through an interlocutory appeal or a judgment—is better suited for final determination in *Abbruzzese* than in this posture and on this record.

Graber responds that the Court may not reach Valve's arguments at all because Goins already decided her own jurisdiction under Judge Coughenour's order in *Wolfire Games, LLC v. Valve Corp.*, No. 2:21-cv-00563-JCC, 2021 WL 4952220 (W.D. Wash. Oct. 25, 2021), and because estoppel bars Valve from

attacking a forum it chose. Dkt. No. 19 at 7–8, 16–22. Neither objection reaches the ground the Court decides here. A delegation clause sends questions of arbitrability to the arbitrator; it does not place the arbitration that follows beyond Section 10. And estoppel holds a party to positions it has taken. Valve's position has been that these claims belonged in arbitration—not that an arbitrator may set fees on records the opposing party cannot see.

### 4.3 The Final Award violates due process.

Section 10(a)(3) of the FAA allows a district court to vacate an arbitral award where the arbitrator has "refuse[d] to hear evidence pertinent and material to the controversy," or behaved in such a way that "the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). Under either clause, the question is whether the party received a "fundamentally fair hearing." *Move, Inc. v. Citigroup Glob. Markets, Inc.*, 840 F.3d 1152, 1158 (9th Cir. 2016). "Section 10(a)'s limited grounds are designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures." *U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010).

"[T]he Due Process Clause requires that opposing counsel have access to the timesheets relied on to support the fee order." *Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 545 (9th Cir. 2016). In *Yamada*, the trial court issued a multimillion-dollar fee award on the basis of ex parte, in camera submissions of attorney time sheets and billing narratives. *Id.* The trial court explained itself at length, in a "detailed, 33-page order evincing thoughtful and well-informed

consideration of the submissions," and it offered a reason for withholding the records: "a more efficient use of time and resources was to review the records *in camera*," rather than requiring production of the time records to the opposing party. *Id.* Neither the explanation nor the reason was enough. The Ninth Circuit held that the procedure violated the "procedural minima that the Due Process Clause requires," and remanded the issue to the district court with instructions to allow defendants access to the timesheets. *Id.* at 545–46 (quoting *In re Nineteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 982 F.2d 603, 614 (1st Cir. 1992)).

Here, as in *Yamada*, the arbitrator issued her Final Award, including the full amount of costs and attorney's fees requested, based on ex parte in camera submissions of timesheets, billing narratives, and other supporting records. The brief summaries provided to Valve regarding the information contained within those records, Dkt. No. 3-13, and the three pages of conclusions written by the arbitrator in reliance on those records, Dkt. No. 3-9, are insufficient to remedy the underlying due process violation that occurred by denying Valve access to the timesheets and billing records.

Graber's attempts to distinguish *Yamada* are unavailing. It is correct that "arbitration is not governed by the federal courts' strict procedural and evidentiary requirements." *Astronics Elec. Sys. Corp. v. MAGicALL, Inc.*, No. 22-35645, 2023 WL 3451682, at *1 (9th Cir. May 15, 2023) (quoting *U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010)). To realize arbitration's promise of a flexible and expeditious dispute resolution forum, arbitrators are not required

to adhere to the federal rules of evidence or procedure. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 649 n.14 (1985) (Stevens, J., dissenting); *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003). However, due process is not a procedural or evidentiary mechanism which the arbitrator may discard at their discretion; it is a constitutional requirement that may not be abrogated even when proceeding in an arbitral setting. *Cf. Yamada*, 825 F.3d at 545 (judicial efficiency may not "eclipse Defendants' fundamental [due process] right to inspect and challenge the documents.").

Graber also reads *Yamada* to allow reliance on summaries so long as the opposing party can respond. Dkt. No. 19 at 29. But the footnote he cites draws a narrower line. Summaries sufficed in the case *Yamada* distinguished because the court reviewed the original records only to confirm that what the objecting party already had was accurate—"simply corroborative of what counsel already had seen." 825 F.3d at 545 n.7. They do not suffice where the decisionmaker instead uses the sealed records to make "an independent determination" of the fee without revealing "the actual basis of its ruling or prov[ing] … access to the information used to reach that ruling." *Id*. Goins did not read the timesheets to verify Valve's table. She read them to set the fee, and awarded the full amount requested. Dkt. No. 3-9.

Accordingly, the Court finds that by denying Valve access to the relevant timesheets and billing records, the arbitrator violated due process. On that basis, the Court vacates the Final Award under 9 U.S.C. § 10(a)(3). Having so found, the Court declines to address Valve's remaining argument that the Final Award was arbitrary and irrational. Those objections go to the amount of an award that no

longer stands, and some of them—like that the fees compensate work performed for other claimants and are not supported by any proof—turn on the same timekeeping records Valve was denied. Dkt. No. 1 ¶¶ 22–26.

## 5. CONCLUSION

For the above reasons, the Court GRANTS the petition IN PART. Dkt. No. 1. The Final Award, Dkt. No. 3-9, is VACATED. The petition is DENIED as to the Initial Award, Dkt. No. 3-8.

Separately, Valve's motion for leave to file supplemental briefing, Dkt. No. 25 is DENIED as moot.

Dated this 24th day of July, 2026.

Jamal N. Whitehead
United States District Judge